IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRANDOM VILLAGRANA URISTA,<br>a/k/a VIC;<br>EDWARD RAY BLACKBURN JR.,<br>a/k/a BLUE;<br>PEHMONG CHAZONKHUEZE,<br>a/k/a CHAZ;<br>BOBBI JO YANEZ,<br>a/k/a BOBBI JO SISTAD; and<br>JOHN LEO HATCHER JR. | **I N D I C T M E N T**<br><br>Case No. _____<br><br>Violations:  21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii), and 846; and 18 U.S.C. §§ 924(c)(1)(A) and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The Grand Jury Charges:

From in or about June 2022 through the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

BRANDOM VILLAGRANA URISTA, a/k/a VIC;
EDWARD RAY BLACKBURN JR., a/k/a BLUE;
PEHMONG CHAZONKHUEZE, a/k/a CHAZ;
BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD; and
JOHN LEO HATCHER JR.

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Drug Quantity

The amount involved in this conspiracy attributable to the defendants, as a result of their own conduct, and of the conduct of other conspirators reasonably foreseeable to them, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

Prior Convictions

Before committing the instant offense, BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD, had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 3:08-cr-00106-RRE, by judgment entered on or about February 17, 2010, under 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, for which she served more than 12 months of imprisonment and was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Before committing the instant offense, JOHN LEO HATCHER JR. had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 3:11-cr-00068-RRE, by judgment entered on or about January 12, 2012, under 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, for which he served more than 12 months of imprisonment and was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Venmo, to send and receive payment for and proceeds of methamphetamine sales;

6. It was further a part of said conspiracy that one or more conspirators possessed firearms during, in relation to, and in furtherance of the conspiracy;

7. It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine;

8. It was further a part of said conspiracy that one or more conspirators used encrypted messaging applications, including but not limited to WhatsApp, to facilitate the distribution of methamphetamine;

9. It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota and Minnesota to obtain, transport, and distribute methamphetamine;

10. On or about February 11, 2025, BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD, possessed with intent to distribute approximately 277 grams of methamphetamine in Fargo, North Dakota;

11. On or about February 12, 2025, BRANDOM VILLAGRANA URISTA, a/k/a VIC, possessed with intent to distribute approximately 16 grams of methamphetamine in Rochester, Minnesota;

12. On or about February 12, 2025, EDWARD RAY BLACKBURN JR., a/k/a BLUE, possessed firearms during, in relation to, and in furtherance of the conspiracy and possessed with intent to distribute approximately 119 grams of methamphetamine in Rochester, Minnesota;

13. On or about March 11 and 12, 2025, PEHMONG CHAZONKHUEZE, a/k/a CHAZ, distributed and possessed with intent to distribute approximately 1,020 grams of methamphetamine in St. Paul, Minnesota;

In violation of Title 21, United States Code, Section 846, and *Pinkerton v. United States*, 328 U.S. 640 (1946).

## COUNT TWO

**Possession with Intent to Distribute a Controlled Substance**

The Grand Jury Further Charges:

On or about February 11, 2025, in the District of North Dakota,

BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD,

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

## Prior Conviction

Before committing the instant offense, BOBBI JO YANEZ, a/k/a BOBBI JO SISTAD, had a final conviction for a serious drug felony, namely, a conviction in the United States District Court for the District of North Dakota, Case No. 3:08-cr-00106-RRE, by judgment entered on or about February 17, 2010, under 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, for which she served more than 12 months of imprisonment and was released from any term of imprisonment related to that offense within 15 years of the commencement of the instant offense;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii), and Title 18, United States Code, Section 2.

## COUNT THREE

**Possession of Firearms in Furtherance of a Drug Trafficking Crime**

The Grand Jury Further Charges:

On or about February 12, 2025, in the District of Minnesota,

EDWARD RAY BLACKBURN JR., a/k/a BLUE,

did knowingly possess one or more firearms, namely:

- Taurus, Model G2C, 9mm pistol, bearing Serial Number ABG707239;

- Walther, Model P99 QA, 9mm pistol, bearing Serial Number 480694; and

- Ruger, Model LCP, .380 caliber pistol, bearing Serial Number 371428317,

in furtherance of a drug trafficking crime for which he may be prosecuted in the United States District Court for the District of North Dakota, that is, the offense alleged in Count One of this Indictment;

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

FORFEITURE NOTICE

Upon conviction of one or more of the offenses alleged in this Indictment,

EDWARD RAY BLACKBURN JR., a/k/a BLUE,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms involved in the violation of Title 18, United States Code, Section 924(c)(1)(A), and shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation of Title 21, United States Code, Section 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to:

- Taurus, Model G2C, 9mm pistol, bearing Serial Number ABG707239;
- Walther, Model P99 QA, 9mm pistol, bearing Serial Number 480694;
- Ruger, Model LCP, .380 caliber pistol, bearing Serial Number 371428317; and
- $22,491 in United States currency seized on or about February 12, 2025, in Rochester, Minnesota.

If any of the forfeitable property as a result of any act or omission of a defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p), to seek forfeiture of any property of said defendants up to the value of the forfeitable property.

            A TRUE BILL:

            /s/ Foreperson
            Foreperson

/s/ Jennifer Klemetsrud Puhl
JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

MPK/tah